IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY KANE CAMPBELL,  Plaintiff,  vs.  BARACK OBAMA, et al.,  Defendants.  _____/ | Case No. 1:10-cv-02151 LJO JLT (PC)  FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED  (Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee for this action. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed November 17, 2010.

**I.    SCREENING**

   **A.    Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.      Rule 8(a)**

A complaint is governed by the notice pleading standard outlined in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Vague and conclusory allegations are insufficient to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that plaintiffs are entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court observed,

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Citation]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [Citation].

The Court further clarified that,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for**

>   **more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"**

Id., emphasis added.  The Iqbal Court instructed, "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.

## II.   THE COMPLAINT

Plaintiff identifies President Barack Obama, Michelle Obama, George W. Bush, and Dick Cheney as the defendants to this action.  Plaintiff alleges that President Obama is allowing prison officials to feed Plaintiff feces.  Plaintiff also alleges that Michelle Obama is trying to defame Plaintiff as being a sex offender.  As to George W. Bush, Plaintiff alleges that the former President ignored Plaintiff's letters to the White House and is now colluding with the Southside Street Gang to have Plaintiff murdered.  Lastly, Plaintiff alleges that Dick Cheney signed a contract to have Plaintiff murdered.  Based on these allegations, Plaintiff accuses Defendants of defamation, slander, libel, professional negligence, and asbestos personal injury.  In terms of relief, Plaintiff seeks an injunction and monetary damages.  (Compl., Doc. 1, at 1-6.)

## III.   DISCUSSION

As an initial matter, the Court notes that this action should have been brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and not under § 1983.  A Bivens action provides a remedy for violations of civil rights by federal actors, whereas an action under § 1983 provides a remedy for violations of civil rights by state actors.  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).  Here, Plaintiff alleges that federal actors have violated his civil rights.[1]  A Bivens action is therefore the appropriate vehicle for Plaintiff to seek redress.

In any event, regardless of the case's designation, the Court finds that Plaintiff's allegations fail to state a cognizable claim.  The only claim that potentially implicates a federal right is Plaintiff's allegation that President Obama is permitting prison officials to feed him food tainted with feces.  This

---

[1] All of the named defendants in this action are federal actors with the exception of Michelle Obama who is neither a federal or state actor.

3

implicates Plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment. Nevertheless, the allegation is so conclusory and devoid of factual support that it fails to state a claim. More importantly, on its face, this allegation patently incredible. Iqbal, 129 S. Ct. at 1949.

Plaintiff's remaining claims, which include allegations of defamation and negligence, among other things, all fall within the province of state law. Without commenting on the questionable merit of these claims, the Court declines to exercise supplemental jurisdiction over them. Pursuant to 28 U.S.C. § 1367 the Court has the discretion to exercise supplemental jurisdiction over state law claims that form part of the same case or controversy to which the Court has original jurisdiction. Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). As explained above, Plaintiff has failed to allege any cognizable federal claim in this case. Supplement jurisdiction is therefore improper. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (if all federal claims are dismissed before trial, the state claims should be dismissed as well).

Finally, the Court will dismiss the complaint without leave to amend. It is this Court's experience that unsupported, fantastic allegations such as the ones presented by Plaintiff in this case are frivolous, utterly lacking an arguable basis in fact. See Netizke v. Williams, 490 U.S. 319, 325-28 (district courts have the power and experience to ferret out frivolous claims). Granting Plaintiff leave to amend would therefore be futile and would simply waste this Court's limited time and scare resources. See Lopez, 203 F.3d at 1127 (leave to amend should be granted unless the court determines that the pleading could not be cured by amendment).

**IV.    CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that:

1.    This action be dismissed for failure to state a cognizable claim; and

2.    The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendations." The district judge will review these findings and recommendations pursuant to 28
2  U.S.C. § 636(b)(1)(c). Plaintiff is advised that failure to file objections within the specified time may
3  waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  Dated:  **December 16, 2010**                                   /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE